**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**THE ANNUITY, PENSION, WELFARE**
**AND TRAINING FUNDS OF THE**
**INTERNATIONAL UNION OF**                      **REPORT AND**
**OPERATING ENGINEERS**                             **RECOMMENDATION**
**LOCAL 14-14B, AFL-CIO BY ITS**
**TRUSTEES, et al.**                                         **07-CV-4294 (FB)**

                 **Plaintiffs,**

     -against-

**HERITAGE STEEL CORPORATION,**

                 **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       On March 20, 2008, the Honorable Frederic Block entered a default judgment against defendant Heritage Steel Corporation ("defendant"). See 3/20/08 Memorandum & Order ("3/20/08 M&O"). In that order, Judge Block referred the matter to the undersigned magistrate judge for a report and recommendation on plaintiffs' request for relief. See id.

       For the following reasons, this Court recommends that the District Court order defendant to produce its books and records for an audit by plaintiffs; and deny without prejudice as premature plaintiffs' demand for attorney's fees and costs.

## BACKGROUND

       This action was commenced by trustees of The Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO ("the Funds") and beneficiaries of the Funds, John and Jane Doe (collectively "plaintiffs"), pursuant

to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1000 et seq. The action seeks to recover fringe benefit contributions that defendant allegedly failed to make under the terms of the applicable collective bargaining agreement ("CBA"), as modified on March 15, 1999, and a Restated Annuity Trust Fund Agreement dated January 1, 1976 (attached to 6/12/08 Letter from Plaintiffs), as amended by the Funds' Collection and Audit Procedures dated June 13, 2001 (attached as Ex. D to 12/07/07 Affidavit of James M. Steinberg ("12/07/07 Steinberg Aff.")) (collectively, "the Agreements"). See Complaint ("Compl.") ¶¶ 1, 17-18. To enforce their right to such contributions, and to ascertain the amounts due, plaintiffs demanded an audit of defendant's books and records, as is their right under the Agreements. See id. ¶¶ 19-21. Defendant reportedly refused to permit the required audit. See id. Plaintiffs are thus unable to calculate the amount of contributions owed to the Funds.

Plaintiffs filed this action on October 15, 2007. See generally Compl. After defendant was properly served but nonetheless failed to answer or otherwise appear, plaintiffs moved for entry of a default judgment, seeking an audit of defendant's books and records. See 12/07/07 Motion for Entry of Default; 12/07/07 Steinberg Aff. ¶¶ 5-6. Additionally, plaintiffs requested that the District Court order defendant to pay any deficiencies in contributions, dues and assessments found due under the audit; interest and liquidated damages; the cost of the audit; and plaintiffs' costs and attorney's fees. See [Proposed Default Judgment Order] (attached to 12/07/07 Motion for Default Judgment).

On December 7, 2007, the Clerk of the Court noted defendant's default, and, on March

20, 2008, Judge Block entered a default judgment against defendant and referred the matter of relief to this Court. See 3/20/08 M&O.

In response to this Court's order dated March 28, 2008 ("3/28/08 Order"), requesting documentation substantiating plaintiffs' claim for relief, plaintiffs' counsel submitted an affidavit and detailed time sheets.[1] See 3/31/08 Response to Order to Show Cause. However, as defendant still has not produced sufficient records to permit an audit, no calculation as to any delinquency in defendant's contributions has been furnished to the Court. See Compl. ¶ 21; 12/07/07 Steinberg Aff. ¶ 8. Nor has defendant responded to the Court's Order to Show Cause why the relief requested by plaintiffs should not be granted. See 3/28/08 Order.

## DISCUSSION

Pursuant to the Agreements, plaintiffs are entitled to audit defendant's books, and this Court recommends that defendant be directed to submit to such an audit. See Restated Annuity Trust Fund Agreement ¶ 4.12; Compl. ¶ 19; see also Central States, S.E. & S.W. Areas Pension Fund v. Central Transp., Inc., 472 U.S. 559, 581-82 (1985); Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning, 934 F.2d 35, 40 (3d Cir. 1991); Alston v. Wall Street Parking Corp., No. 00 CIV 3778 (DLC), 2001 WL 789303, at *1 (S.D.N.Y. July 11, 2001).

---

[1] Also in response to the Court's order, plaintiffs' counsel submitted what he believed to be a larger, more legible copy of the Exhibit C filed with the 12/7/07 Motion for Default. See 3/31/08 Affidavit in Response to Order to Show Cause by James M. Steinberg ¶ 2. After an initial review by the Court revealed several differences between these copies, plaintiffs' counsel informed the Court that he had mistakenly filed the wrong exhibit in his 3/31/08 response and promptly filed the correct copy. See 6/11/08 Order; 6/12/08 Letter from Plaintiffs.

3

Plaintiffs additionally seek an order directing defendant to pay any delinquencies uncovered by the audit, together with interest and liquidated damages, and attorney's fees and costs, as well as the cost of the audit.

According to the Agreements, in the event that the audit discloses a delinquency, the employer is required to pay not only the amount disclosed by the audit, but also the cost of the audit, interest and other costs incurred by plaintiffs. See Collection and Audit Procedures at §§ I, IV ¶ 7; Compl. ¶ 19. Under ERISA, a prevailing fiduciary is entitled to recover (1) the unpaid contributions; (2) interest thereon; (3) liquidated damages equal to the greater of the interest or twenty percent of the unpaid contributions; (4) reasonable attorney's fees and costs of the action. See 29 U.S.C. § 1132(g)(2); Laborers Health & Welfare Trust Fund For N.Cal. v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547-48, 551-53 (1988); Iron Workers Dist. Council of W.N.Y. & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1506-08 (2d Cir. 1995); Carney v. Prompt Maint. Servs., Inc., No. 98 CIV 8163 LTS KNF, 2002 WL 122934, at *4-8 (S.D.N.Y. Jan. 30, 2002). In addition, audit costs are recoverable under ERISA. See Sheet Metal Workers Local 19, 934 F.2d at 38-39, 41; Lanzafame v. L & M Larjo Co., 03-CV-3640 (NG) (KAM), 2006 WL 2795348, at *8 (E.D.N.Y. Sept. 26, 2006); Maguire v. America Piles, Inc., No. 01 Civ. 9483(DLC), 2002 WL 31626972, at *1-2 (S.D.N.Y. Nov. 21, 2002).

Nevertheless, in the circumstances presented here, it is premature to order these forms of relief, as the audit has not been conducted and a determination cannot be made as to whether any contributions are due and, if so, in what amounts. Moreover, until the audit has been

conducted and plaintiffs have submitted a final report to the Court on damages, the total amount of attorney's fees and costs cannot be ascertained. Therefore, this Court recommends that the determination of damages, fees and costs be deferred until after the audit has been conducted.

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the District Court enter an order compelling defendant to submit to an audit (by plaintiffs' accountants) of defendant's payroll and other related records, for the period of July 1, 2004 through June 30, 2007, within ten days after service of the District Court's order upon defendant;[2] that plaintiffs be directed to submit to the Court, within thirty days following the completion of said audit (but in no event after a date specified by the Court), a report detailing plaintiffs' claim for damages pursuant to 29 U.S.C. § 1132(g)(2); and that defendant be given three weeks thereafter to submit and serve any responsive papers. This Court further recommends that plaintiffs' request for fees and costs be denied without prejudice to renewal thereof upon the completion of the audit and any ensuing inquest proceeding.

Any objections to the recommendations contained in this Report and Recommendation must be filed with Judge Block on or before <u>June 30, 2008</u>. Failure to file objections in a timely manner may waive a right to appeal the District Court order. <u>See</u> 28 U.S.C.

---

[2] Defendant should be required to produce, among other things, corporate payroll records; Tax Forms 941s; Quarterly Payroll Tax Forms (also known as NYS-45 Tax Forms); Cash Disbursement Records; Tax Forms W-2s; Payroll Reports (as provided to the union or fund office); and cancelled checks.

§636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to send copies to defendant, via Federal Express, at the following addresses:

> Heritage Steel
> 20 Hancock Place
> Valley Stream, NY 11580
>    Attn:  James Van Casteren
>            Vice President

> Heritage Steel
> 62-48 Dry Harbor Road
> Middle Village, NY 11379
>    Attn:  James Van Casteren
>            Vice President

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
            **June 16, 2008**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**